**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TV TOKYO CORPORATION,<br><br>  Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br><br>  Defendants. | Civil Action No. 26-cv-4290 |

**[PROPOSED] ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**
**AND TEMPORARY RESTRAINING ORDER**

The Court has considered Plaintiff's *ex parte* application (the "Application"), including the Ex Parte Motion for a Temporary Restraining Order, ECF No. 8, the Declaration of Jay Paragoso, ECF No. 13 ("Paragoso Declaration"), and the Declaration of Shengmao Mu, ECF No. 14 ("Mu Declaration"), seeking the following relief:

(1) a temporary restraining order against defendants (as described in Schedule A attached to the Complaint ("Defendants"), which shall also be attached hereto), enjoining Defendants from the manufacture, importation, distribution, offering for sale, and sale of infringing products (the "Infringing Products") infringing upon Copyright Registration Nos. PA-2-532-845, PA 2-572-169, and PA 2-572-170 (the "BLACK CLOVER Works");

(2) a temporary restraint of certain of Defendants' assets, described below, to preserve Plaintiff's right to an equitable accounting;

(3) expedited discovery allowing Plaintiff to inspect and copy Defendants' records relating to the manufacture, distribution, offering for sale, and sale of Infringing Products, as well

1

as of Defendants' financial accounts; and

(4) ordering Defendants to show cause why a preliminary injunction should not issue on the return date of the Application.

Based on the papers and the evidence submitted in support of the Application, and for good cause shown, the Court makes the following findings of fact and conclusions of law:

## FACTUAL FINDINGS & CONCLUSIONS OF LAW

1.     Plaintiff "is the current owner of several copyright registrations including, but not limited to, Copyright Registrations No. PA-2-532-845, PA 2-572-169, and PA 2-572-170 ("BLACK CLOVER Works"). Compl. ¶ 10. "The copyright registrations for the BLACK CLOVER Works are valid, subsisting, and in full force and effect." *Id.* ¶ 13.

2.     Based on the evidence in the record, Plaintiff is likely to succeed in showing that Defendants have infringed and are continuing to infringe Plaintiff's exclusive rights in the BLACK CLOVER Works. Without any authorization or license from Plaintiff, Defendants have "knowingly, willfully, and deliberately infringed Plaintiff's BLACK CLOVER Works in connection with the systematic advertisement, distribution, offering for sale," and sale of inferior infringing imitations of Plaintiff's BLACK CLOVER Works Products that illegally utilize the BLACK CLOVER Works (the "Infringing Products") over the Internet through accounts with online marketplace platforms including PayPal, Shop Pay, Amazon, Walmart, and Temu held by Defendants (the "User Accounts"). Compl. ¶¶ 6, 35. Specifically, Plaintiff proffers evidence that Defendants "us[e] fake ecommerce storefronts designed to appear to be selling authorized BLACK CLOVER Products," *id.* at ¶ 18, to enable them "to offer the infringing products at a price substantially below the cost of the original, while still being able to turn a profit." *Id.* at ¶ 22. "Defendants' sales, distribution, and advertising of their infringing products cause consumers to believe they are purchasing genuine versions of TV TOKYO's products when they are not." Paragoso Decl. ¶ 11.

3. As a result of Defendants' misconduct, Plaintiff is likely to suffer immediate and irreparable losses, damages, and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted. For example:

a. Plaintiff has well-founded fears that more Infringing Products will appear in the marketplace using the same User Accounts or new and different User Accounts; that consumers may be misled, confused and disappointed by the quality of these Infringing Products, resulting in injury to Plaintiff's reputation and goodwill and, in particular, the reputation and goodwill related to the BLACK CLOVER Works. Plaintiff has proffered evidence that Defendants' conduct "has caused lost profits," "damaged the value of [Plaintiff]'s business and the value of the BLACK CLOVER Works," and "damage[ed] [Plaintiff]'s reputation for providing high quality products, interfering with [Plaintiff]'s relationships with its customers and authorized resellers, as well as impeding [Plaintiff]'s ability to attract new customers, licensees, and business." Paragoso Decl. ¶ 12.

b. Plaintiff has well-founded fears that if it proceeds on notice to Defendants on this Application, Defendants will: (i) transfer, conceal, dispose of, or otherwise destroy the Infringing Products and information concerning the Infringing Products; (ii) transfer, conceal, dispose of, or otherwise hide the ill-gotten proceeds from the improper sale of the Infringing Products; and/or (iii) close down existing User Accounts, transfer User Account information, and/or open a new User Account through which Defendants can improperly advertise, market, promote, distribute, offer for sale and/or sell the Infringing Products under a new or different alias, allowing Defendants' misconduct to continue with little or no consequence. *See* Mu Decl. ¶¶ 5-8.

4.      On balance, the potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, their business, and the goodwill and reputation built up in and associated with the BLACK CLOVER Works if a temporary restraining order is not issued. "The balance of hardships . . . clearly tips in Plaintiff's favor" because "it is axiomatic that an infringer of copyright cannot complain about the loss of ability to offer its infringing products." *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 287 (2d Cir. 2012) (citation omitted).  The public interest favors issuance of the temporary restraining order to protect Plaintiff's legitimate intellectual property interests and to protect the public from being defrauded by the palming off of infringing goods as Plaintiff's genuine goods.  *See WPIX*, 691 F.3d at 287; *Laboratorios Rivas, SRL v. Ugly & Beauty, Inc.*, No. 11 Civ. 5980 (RA) (JLC), 2013 WL 5977440, at \*12 (S.D.N.Y. Nov. 12, 2013), *report and recommendation adopted*, No. 11 Civ. 5980 (RA) (JLC), 2014 WL 112397 (S.D.N.Y. Jan. 8, 2014).

5.      Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' importation, distribution, promotion, offering for sale, and/or sale of the Infringing Products.  *Gucci Am., Inc. v. Bank of China*, 768 F.3d 122, 132 (2d Cir. 2014).

6.      Requesting equitable relief invokes the district court's inherent equitable powers to order preliminary relief, in order to assure the availability of permanent relief.  *Id.*

7.      ~~Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants and does not violate the Hague Service Convention as Defendants' addresses are unknown or unverifiable despite Plaintiff's due diligence.~~

8.      Plaintiff has further demonstrated that if Defendants are given notice of the Application, they are likely to conceal, transfer, or otherwise dispose of their ill-gotten proceeds from their sales of Infringing Products. Therefore, good cause exists for granting Plaintiff's request to proceed *ex parte* and for an asset restraining order. It typically takes banks and other financial

institutions (including those defined below as the "Financial Institutions"), as well as online marketplace accounts, approximately five (5) days after service of an Order like this one to locate, attach, and freeze Defendants' Assets (defined below), Defendants' Accounts (defined below), and/or the User Accounts, and service on Defendants should not take place until such actions are completed.

9.    Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible the records and documents relating to Defendants' manufacture, importing, advertising, marketing, distributing, offering for sale and/or sale of the Infringing Products.  Thus, Plaintiff has established good cause for expedited discovery to be ordered.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** and it is **ORDERED** as follows:

## Temporary Restraints

1.    As sufficient causes have been shown, Defendants are temporarily enjoined and restrained from engaging in any of the following conduct pending the return date of the Application as referenced below:

   a.    Cease and refrain from manufacturing, advertising, offering for sale, selling, distributing, destroying, selling off, transferring, or otherwise disposing of any Infringing Products;

   b.    Cease and refrain from manufacturing, advertising, offering to sell, selling, reproducing, or distributing any goods utilizing the BLACK CLOVER Works, or any confusingly similar goods, other than genuine products manufactured or distributed by Plaintiff or its authorized manufacturers and distributors;

   c.    Cease and refrain from destroying, selling off, transferring, or otherwise

disposing of any documents, electronically stored information, or financial records or assets of any kind relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any Infringing Products;

d. Cease and refrain from using the BLACK CLOVER Works on or in connection with any Seller Alias that any Defendant may own, operate, or control on any Marketplace;

e. Cease and refrain from any and all use of the BLACK CLOVER Works as metatags, on any webpage (including the title of any web page), in any advertising links to other websites, from search engines' databases or cache memory, or any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Seller Aliases registered, owned or operated by any Defendant on any Marketplace; and

f. Cease and refrain from altering, disabling, closing, or transferring ownership of any seller alias on any Marketplace during the pendency of this action, or until further Order of the Court.

**Temporary Asset Restraint**

2. Pursuant to Fed. R. Civ. P. 64 and 65, as well as C.P.L.R. 6201, and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, within five (5) days of receipt of service of this Order, any Financial Institutions such as (i) PayPal, Inc. ("PayPal"), (ii) Payoneer, Inc ("Payoneer"), (iii) Ping Pong Global Solutions Inc ("Ping Pong"), (iv) Coinbase Global, Inc ("Coinbase"), (v) Whaleco Inc. ("Temu"), (vi) Amazon, (vii) Walmart, and (viii) Standalone (collectively, the "Financial Institutions") and domain registrars shall locate all accounts associated with Defendants (the "Defendants' Accounts") and other assets belonging to Defendants, including any

cryptocurrency (the "Defendants' Assets") and shall locate, attach, and restrain the transfer or disposing of monies or funds from Defendants' Accounts, as well as the transfer or disposing of Defendants' Assets, until further ordered by this Court. The Financial Institutions shall provide written confirmation of their compliance with the foregoing to Plaintiff.

**Expedited Discovery**

3.    As sufficient cause has been shown, within five (5) days of receipt of service of this Order, the Financial Institutions, domain registrars and other third parties that have discoverable contact and financial information related to Defendants shall provide the following information to Plaintiff's counsel (to the extent such information is in the Financial Institutions' possession, custody, or control):

      a.    Identifying information for Defendants, including all available contact information (which shall include, if available, all known e-mail addresses and mailing addresses), as well as all associated account numbers and account balances, regardless of the platform or institution.

      b.    Any User Accounts and/or online marketplace websites affiliated with Defendants that are not listed on Schedule A to the Complaint (and attached hereto).

      c.    Information concerning any of Defendants' Accounts or Defendants' Assets, including any and all related, connected or otherwise associated accounts or assets, regardless of the hosting platform or institution.

4.    As sufficient cause has been shown, Plaintiff is authorized to conduct expedited discovery, including that:

      a.    Plaintiff may serve interrogatories and requests for production of documents, pursuant to Rules 26 and 33, and 34 of the Federal Rules of Civil Procedure

as well as Local Civil Rule 33.3 of the Local Rules for the Southern District of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories and produce documents requested within seven (7) days of service to Plaintiff's counsel.

**<u>Service by Electronic Mail and/or Electronic Publication</u>**

5.      Pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service of this Order and the Summons and Complaint may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

Delivery of: (i) PDF copies of this Order together with the Summons and Complaint; (ii) a link to a website where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application (the "<u>Link</u>") to Defendants' e-mail addresses as provided by the Financial Institutions or to the Financial Institutions if the Financial Institutions are unable to provide e-mail addresses.

6.      Such alternative service, as set forth above, shall be made within three (3) days of the Financial Institutions' compliance with Paragraphs 2 through 4 of this Order.

7.      The Clerk of Court is directed to issue a single original summons in the name of "The Individuals, Corporations, Limited Liability Companies, Partnerships, And Unincorporated Associations Identified On Schedule A To The Complaint" that shall apply to all Defendants.

8.      For the avoidance of doubt, the aforementioned forms of service do not constitute proper service of the summons and Complaint.  *See* Fed. R. Civ. P. 4.

9.      Federal Rule of Civil Procedure 4(f) provides that a party based in a foreign country may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention."  If the Convention controls, a party may follow the usual Convention procedures described above to effect service under Rule 4(f)(1)."  *Smart Study Co., Ltd*

*v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164, 168 (2d Cir. 2025).  "The [] Convention does not apply, however, 'where the address of the person to be served with the document is not known.'" *ABC v. DEF*, No. 24CV8341 (DLC), 2024 WL 5168624, at *1 (S.D.N.Y. Dec. 13, 2024) (quoting Hague Convention, Art. 1).

10.    **By June 9, 2026**, and after Plaintiffs have obtained discovery from the Financial Institutions, Plaintiff shall file a letter updating the Court on the status of service.  The submission shall include, at a minimum, supplemental information regarding:

- the steps used by Plaintiff to identify the addresses of the Defendants, including any efforts beyond the Google Maps search referenced in the Mu Declaration, *see* ECF No. 14 at ¶ 11;

- how Plaintiff prepared Exhibit 1 to the Mu Declaration, ECF No. 15;

- whether Plaintiff has received contact information from the Financial Institutions for each of the Defendants;

- whether the Financial Institutions have provided a physical address for each Defendant, and if not, whether Plaintiff intends to conduct discovery to obtain physical addresses for each Defendant;

- the steps Plaintiff has taken, or plans to take, to authenticate the physical addresses; and,

- to the extent that any physical addresses can be authenticated, to serve those Defendants in accordance with the Hague Convention.

### **Security Bond**

11.    Plaintiff shall deposit with the Court Five Thousand Dollars ($5,000.00), either cash, cashier's check or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

## Sealing Order

12.     Plaintiff's Schedule A attached to the Complaint, Plaintiff's unredacted version of the Complaint, Exhibit 2 showing the Defendant Internet Stores' infringement, and Exhibit 1 to Mu Declaration showing Plaintiff's efforts to verify Defendants' addresses, shall be sealed and remain sealed until Defendants' Accounts and Defendants' Assets are restrained.

10.     Plaintiff shall file unsealed versions of Plaintiff's Schedule A attached to the Complaint, Plaintiff's unredacted version of the Complaint, Exhibit 2 showing the Defendant Internet Stores' infringement, and Exhibit 1 to Mu Declaration showing Plaintiff's efforts to verify Defendants' addresses using the CM/ECF system prior to the expiration of this Order when Financial Institutions have confirmed that Defendants' funds are frozen and that Plaintiff properly serves Defendants with the Summon and the Complaint, whichever comes later.

## Application to Vacate or Dissolve

11.     Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by this Court.

**IT IS FURTHER ORDERED** that a hearing shall be held on **June 11, 2026** at **11 a.m.** in which Plaintiff may present their arguments in support of its request for issuance of a preliminary injunction. At such time, any Defendants may also be heard as to opposition to Plaintiff's Application. The hearing will be conducted by telephone.  Counsel should join the conference by dialing 646-453-4442 and entering Conference ID: 435 887 206#.  Members of the public may call the same number but are to keep their phones muted during the proceeding.

**IT IS FURTHER ORDERED** that opposing papers, if any, shall be filed and served on **June 9, 2026**, and Plaintiff's reply papers, if any, shall be filed and served on or before **June 10 2026**.

The Clerk of Court is directed to terminate ECF Nos. 8 and 10.

This Temporary Restraining Order without notice is entered at **7:03 pm on May 29, 2026**, and shall remain in effect for fourteen (14) days.

_____
UNITED STATES DISTRICT JUDGE
Jennifer H. Rearden, U.S.D.J.

11